IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH DANIEL PALMER, #224-480   *
         Plaintiff,
     v.                          *   CIVIL ACTION NO. JKB-15-2562

MR. FEIKENS                      *
MARYLAND PAROLE COMMISSION
OFFICE                                *
         Defendant.
                                    *****

MEMORANDUM

On August 27, 2015, the court received for filing the above-captioned 42 U.S.C. § 1983 civil rights action submitted by Maryland Division of Correction inmate Kenneth Palmer ("Palmer"). Palmer states that defendant caused him to be falsely arrested and imprisoned from July 16, 2013, through October 25, 2013, on an "invalid" parole retake warrant. ECF No. 1.[1] He claims that the arrest and confinement occurred for a "potential premature parole violation condition of… simple arrest of a second degree assault offense" against a police officer. Palmer alleges that the criminal matter was eventually dismissed in December of 2013. He states that parole violations are only valid

---

[1] This represents the twelfth civil action filed by Palmer in this court since April of 2015, with three of the cases on the active docket. In addition to the instant case, since April 10, 2015, Palmer has filed the following cases: *Palmer v. The Maryland Parole Com'n*, Civil Action No. JKB-15-1068 (D. Md.); *Palmer v. Risko*, Civil Action No. JKB-15-1549 (D. Md.); *Palmer v. Griffith, et al.*, Civil Action No. JKB-15-1586 (D. Md.); *Palmer v. Maryland Parole Com'n*, Civil Action No. JKB-15-1668 (D. Md.); *Palmer v. Pate*, Civil Action No. JKB-15-1669 (D. Md.); *Palmer v. Fisher*, Civil Action No. JKB-15-1964 (D. Md.); *Palmer v. Crowder, et al.*, Civil Action No. JKB-15-2050 (D. Md.); *Palmer v. Hogan, et al.*, Civil Action No. JKB-15-2113 (D. Md.); *Palmer v. O'Malley, et al.*, Civil Action No. JKB-15-2388 (D. Md.); *Palmer v. O'Malley, et al.*, Civil Action No. JKB-15-2390 (D. Md.); and *Palmer v. Blumberg*, Civil Action No. JKB-15-2509 (D. Md.).

in limited circumstances and the retake warrant here involved none of those conditions. ECF No. 1. He sues defendant in his personal capacity and seeks $250,000.00 in compensatory and punitive damages. Because he appears indigent, Palmer's motion for leave to proceed in forma pauperis shall be granted. His complaint shall, however, be summarily dismissed.

Absolute immunity has been extended to parole officials because they perform tasks that are functionally comparable to those of judges. *Pope v. Chew,* 521 F.2d 400 (4th Cir. 1975). *See also Walrath v. United States,* 35 F.3d 277, 281-82 (7th Cir. 1994) (holding members of the United States Parole Commission staff and the Commissioner are absolutely immune from suit for actions taken in revoking parole); *Sellars v. Procunier,* 641 F.2d 1295 (9th Cir. 1981) (absolute immunity for Parole Board members); *Hilliard v. Board of Pardons and Paroles,* 759 F.2d 1190 (5th Cir. 1985) (same); *Nelson v. Balazic,* 802 F.2d 1077 (8th Cir. 1986) (same); *Harper v. Jeffries,* 808 F.2d 281, 284 (3d Cir. 1986) (absolute immunity for hearing examiner who conducted detention proceeding and made recommendation to parole board). Absolute immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Defendant Feikens, who is employed in the office of the Maryland Parole Commission, is therefore entitled to dismissal of all claims against him in his individual capacity under the doctrine of absolute immunity.[2] *See Fleming v. Dowdell*, 434 F. Supp. 2d 1138, 1158 (M.D. Ala. 2005) (parole employee's issuance of a parole

---

[2] Regardless of the capacity in which Feikens is sued, relief is unavailable. Assuming, arguendo, that Feikens was directly involved in the decision to issue a parole retake warrant, that determination was an adjudicative one. Feikens is entitled to absolute quasi-judicial immunity. *See Pope*, 521 F.2d at 405; *see also Noll v. Getty*, 995 F.2d 1063, 1993 WL 211619, *2 (4th Cir. 1993) (unpublished) (decision to revoke parole was an adjudicative one, entitling Parole Chairman to absolute immunity in her official and personal capacities).

violation warrant was a judicial act for which employee was immune from suit under doctrine of absolute quasi-judicial immunity).

Because Palmer's prisoner civil rights case fails to state a claim, his case shall be dismissed pursuant to 28 U.S.C. § 1915(e).  He is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[3]  This constitutes the second § 1915(e) strike to be assessed against Palmer.[4]  A separate order follows.

Date:  September 2, 2015.                              /s/
                                                James K. Bredar.
                                                United States District Judge

---

[3]     28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, in the absence of extraordinary circumstances.

[4]     *Palmer v. Blumberg*, Civil Action No. JKB-15-2509 (D. Md.) was dismissed pursuant to 28 U.S.C. § 1915(e) on August 27, 2015.